UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARYANNA PIELEANU, and <br> GEORGE CONTIU, <br><br> Plaintiffs, <br> v. <br><br> MORTGAGE ELECTRONIC <br> REGISTRATION SYSTEMS, INC., <br> ENCORE CREDIT CORPORATION, <br> and EMC MORTGAGE CORPORATION, <br><br> Defendants. | Case No. 08 C 7404 <br><br> Judge Joan B. Gottschall |

## MEMORANDUM OPINION & ORDER

In 2004, Plaintiff Maryanna Pieleanu entered into a residential mortgage loan with defendant Encore Credit Corporation, which subsequently assigned the loan to LaSalle Bank. Pieleanu defaulted on that loan, and LaSalle brought a foreclosure action in the Circuit Court of Cook County against Pieleanu and George Contiu.[1] Pieleanu and Contiu brought a counterclaim in state court against LaSalle, alleging state-law fraud and violations of federal consumer protection laws. In that counterclaim, Pieleanu and Contiu allege LaSalle's liability derivatively, by virtue of the actions of, *inter alia*, Encore.

Subsequently, Pieleanu and Contiu filed this suit against Encore, EMC Mortgage Corporation, and Mortgage Electronic Registration Systems, Inc. ("MERS"), bringing the very same state-law fraud and federal consumer protection claims, and many identical factual allegations, that they previously brought as a counterclaim in the state court action

---

[1] Contiu, Pieleanu's brother, allegedly assumed Pieleanu's loan, and is a defendant/counter-plaintiff in the state court action and a plaintiff here.

1

against LaSalle. Defendants EMC and MERS now move this court to abstain pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).[2]

## I. ANALYSIS

*Colorado River* abstention proceeds from the "general proposition that federal courts have a 'virtually unflagging obligation to exercise the jurisdiction conferred on them by Congress.'" *Sverdrup Corp. v. Edwardsville Cmty. Unit Sch. Dist. No. 7*, 125 F.3d 546, 549 (7th Cir. 1997) (quoting *Colo. River Conservation Dist.*, 424 U.S. at 817). Therefore, a federal district court can abstain from jurisdiction in light of a parallel action only in "'exceptional circumstances.'" *Id.* (quoting *Colo. River Conservation Dist.*, 424 U.S. at 818-20). The instant motion resents two questions: whether the state foreclosure action and the instant action are indeed parallel and, if so, whether exceptional circumstances warrant abstention.

**A. Parallel Actions**

The first question is whether this action is parallel to the state court foreclosure action. Parallel suits need not be identical, but must involve substantially the same parties and substantially the same issues. *Interstate Material Corp. v. City of Chi.*, 847 F.2d 1285, 1288 (7th Cir. 1988). Given the parallel claims and factual allegations in these two suits, the parties are litigating the same issues. For example, in Count I of their Amended Counterclaim[3] in the state suit, counter-plaintiffs allege violations of the Truth in Lending Act ("TILA"), as they do in their First Amended Complaint (the "Complaint")

---

[2] Also pending before the court is Encore's motion to dismiss on statute of limitations and pleadings standards grounds. In light of the court's disposition of the instant motion, Encore's motion to dismiss is denied without prejudice as moot.

[3] After MERS and EMC filed the instant motion, but before plaintiffs filed their response, the state court allowed Pieleanu and Contiu to amend their counterclaim. That appears to be the *status quo* in the state-court pleadings, and the court will consider the Amended Counterclaim in resolving this motion.

in this action. Pieleanu and Contiu bring Count II of both pleadings for violations of a regulatory provision of TILA regarding the disclosure of the number, amounts, and timing of loan payments. Count III of the Amended Counterclaim and Count IV of the Complaint are both based on yet another regulatory provision of TILA, 12 C.F.R. § 226.18(g)(2), while Count IV of the Amended Counterclaim and Count III of the Complaint are both based on 12 C.F.R. § 226.18(c)(2). Later, the Amended Counterclaim and Complaint both allege common law fraud, violations of the Illinois Consumer Fraud Act, still more TILA violations, and violations of Real Estate Settlement Procedures Act, 12 U.S.C. § 2601. Like the legal theories, Pieleanu and Contiu's factual allegations in the Complaint and Amended Counterclaim largely repeat one another. The parallels are too numerous to summarize adequately here, but, as an illustrative example, paragraphs 8 through 27 of the Complaint are nearly identical to paragraphs 23 through 40 of the Amended Counterclaim. Given the similarities in legal theories and in factual allegations, it appears that the state court foreclosure action and this action involve substantially the same issues.

While the litigated issues are substantially similar, the similarity of the parties is less clear. LaSalle is not a party to this action, and defendants in this action are not party to the state foreclosure action as of the filing of the Amended Counterclaim. However, Pieleanu and Contiu named EMC and Encore as third-party defendants in their original counterclaim, only eliminating them as counter-defendants after EMC and MERS filed their motions here.[4] Moreover, even in the Amended Counterclaim, Pieleanu and Contiu

---

[4] In the original counterclaim, Pieleanu and Contiu did not add Encore and EMC to the caption, but listed those two entities among the "Parties" in their allegations, and sought to hold at least Encore liable, according to their enumerated counts.

call Encore, EMC, and MERS "Other Entities Involved," and allege LaSalle's liability not based on LaSalle's actions, but based on the actions of Encore and others.

As the Seventh Circuit has noted, the addition of defendants in the later-filed federal suit does not necessarily break the symmetry between the two suits, for if the plaintiff could simply add new defendants to avoid *Colorado River*, that doctrine would lose much of its force. *See Interstate Material Corp.*, 847 F.2d at 1288. Moreover, the reversal of the posture of the parties between the two cases, with Peileanu and Contiu defendants/counter-plaintiffs in the state action but plaintiffs here, is immaterial. *See Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1229 n.1 (7th Cir. 1979); *see also Huck v. Johnson*, No. 92 C 7857, 1993 WL 239048, at *2 (N.D. Ill. May 25, 1993). The central question, therefore, is whether there is "a substantial likelihood that state litigation will dispose of all claims presented in the federal case." *Lumen Constr., Inc. v. Brant Constr. Co.*, 78 F.2d 691, 695 (7th Cir. 1985).

At a very general level, the Amended Counterclaim appears to pose three basic issues, two of which are also posed in this case: whether Encore and others engaged in the complained-of conduct, whether that conduct violates relevant federal and state law, and whether LaSalle can be held liable for that conduct. Should the state court resolve the first or the second issue in LaSalle's favor, it would likely dispose of the claims presented in this case, under principles of issue preclusion. *See also In re Chi. Flood Litig.*, 819 F. Supp. 762, 764 (N.D. Ill. 1993) (noting that central question in determining whether parties are substantially similar is whether resolution of state claim would resolve federal litigation under principles of issue preclusion); *but see Lumen Constr.*, 78 F.2d at 695 (noting that *Colorado River* is considerably more limited in scope than the

4

doctrines of *res judicata* and collateral estoppel). That is, if Pieleanu and Contiu litigated and lost the issues of Encore's and others' conduct in the state court and of that conduct's alleged violation of federal and state law, they would not be afforded the opportunity to relitigate those issues in this court. Alternatively, the state court could find, without resolving the first two issues, that LaSalle is simply not liable for others' conduct. Such a finding, while apparently disposing of the Amended Counterclaim, would not dispose of the issues in this case.

However, should this case and the state case proceed to their respective conclusions, there is a strong possibility that the courts could express opinions regarding the same set of facts and the same legal questions. Without passing on the merits of plaintiffs' claims, there is some possibility that those two opinions would diverge in material respects.

Moreover, there appears no reason that the defendants in this case could not have been joined as third-party defendants in the state court case; these defendants were in fact parties to that case until the homeowners dismissed them. The Seventh Circuit has noted that, where similar issues are presented and the parties missing from the state litigation could have been joined in that action, a finding that the actions are parallel is warranted. *Lumen Constr.*, 780 F.2d at 695-96. In this case, it appears that Pieleanu and Contiu not only could have joined Encore, EMC and MERS, but in fact did initially name Encore and EMC as defendants in their counterclaim. Pieleanu and Contiu obtained leave of the

5

state court to remove Encore and EMC as third-party defendants only *after* EMC and MERS filed the instant motion. Such an amendment smacks of forum-shopping.[5]

While the parties in the two cases do not appear to be identical, they are sufficiently parallel to satisfy *Colorado River*.

**B. Exceptional Circumstances**

The Supreme Court has advised courts considering abstention under *Colorado River* and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 23, 26 (1983) to weigh six factors: the difficulties posed when a state and federal court assume jurisdiction over the same *res*; the relative inconvenience of the federal forum; the need to avoid piecemeal litigation; the order in which the state and federal proceedings were filed; whether state or federal law provides the rule of decision, and whether the state action protects the federal plaintiff's rights. *Sverdrup*, 125 F.3d at 549 (citing *Colo. River Conservation Dist.*, 424 U.S. at 818 and *Moses H. Cone Mem. Hosp.*, 460 U.S. at 23, 26). The Seventh Circuit has counseled that district courts should also consider the relative progress of the two cases, the presence or absence of concurrent jurisdiction, the availability of removal, and the vexatious or contrived nature of the federal claim. *Id.*

Here, several of those factors counsel in favor of abstention. Judicial economy favors the avoidance of piecemeal litigation. Neither the two courts nor the parties should expend resources on two proceedings when one will do. Separate litigation also presents the risk, discussed above, of inconsistent rulings on identical issues. Moreover,

---

[5] The Seventh Circuit also noted that, if the period for adding the federal defendants to the state action is passed, the party that could previously have joined those defendants "has only itself to blame." *Lumen Constr.*, 780 F.2d at 696; *see also Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1308 (7th Cir. 1988).

the state-court case was filed first, and has now progressed to discovery, while this case remains at the responsive pleading stage. Moreover, there is no indication that either Pieleanu or Contiu's federal rights would be prejudiced in the state proceeding. Finally, while plaintiffs' federal claim does not appear to be vexatious or contrived, plaintiffs do appear to have manipulated their state-court pleadings to increase the odds of maintaining their case in federal court.

Additional factors do not tip the balance. Plaintiffs allege both federal and state claims; while the pleading of federal claims would normally counsel against dismissal, plaintiffs have already done so in state court in their counterclaim. While the geographical inconvenience of two suits would be negligible, as the two courthouses stand just a few blocks apart, inconvenience is measured by more than just geography, as described above. Finally, the *res* at issue in the state-court litigation—the subject home—is not at issue here, as plaintiffs do not request any relief pertaining to their home in this case.

*Colorado River* abstention is proper in this case, but MERS and EMC, who move to dismiss, request the wrong remedy. As the Seventh Circuit has repeatedly held, a district court finding that *Colorado River* abstention is warranted should impose a stay rather than dismissing the case. *See Lumen Constr., Inc. v. Brant Constr. Co., Inc.*, 780 F.2d 691, 697-98 (7th Cir. 1985); *see also Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1308-09 (7th Cir. 1988). As the Supreme Court has noted, such a stay is a final and appealable order. *Moses H. Code Mem. Hosp.*, 460 U.S. at 8-9.

## II. CONCLUSION

For the reasons stated above, the court grants in part MERS and EMC's motion to abstain, and denies without prejudice as moot Encore's motion to dismiss.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: March 24, 2010